# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANITA TALEVSKI, | CASE NO. 13cv958 JM(JMA) |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| vs. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, | |
| Defendant. | |

Defendant Regents of the University of California ("Regents") moves to dismiss six of Plaintiff Anita Talevski's seven disability rights claims. Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1) the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court grants the motion to dismiss in its entirely. This action will proceed only on the Rehabilitation Act claim.

## BACKGROUND

On April 22, 2013, Plaintiff commenced this disability rights action by alleging seven causes of action for (1) violation of Title II of the Americans with Disabilities Act ("ADA"); (2) violation of §504 of the Rehabilitation Act; (3) violation of the Unruh Civil Rights Act, Cal. Civ. Code §51; (4) violation of the Disabled Persons Act, Cal. Civ. Code §54; (5) disability discrimination in violation of Cal. Gov. Code §11135; (6) disability discrimination in violation of Cal. Civ. Code §3345; and (7) violation of the Unfair Business Practices Act, Bus. & Prof. Code §17200. (Ct. Dkt.

1). "Plaintiff suffered a traumatic brain injury early in life and has been disabled ever since." (Compl. ¶5). Plaintiff suffers from bi-polar disorder, receives disability benefits from the State of California, and is a disabled individual within the meaning of the ADA. Id.

Plaintiff's claims arise from a series of events commencing in late 2011 and continuing until early 2012. In addition to educational programs, the University of California San Diego ("UCSD") also operates recreational programs open to the general public. Plaintiff enrolled in UCSD's Triathlon Program. The coaches in the program were aware of "the nature of Plaintiff's disability." (Compl. ¶10). One day in late 2011 or 2012, Coach Piszkin was running a workout on the track. While coaching Plaintiff, Coach Piszkin allegedly touched Plaintiff in the midriff "in what Plaintiff perceived was an inappropriately and unwelcome familiar manner." (Compl. ¶11). During this same period of time, Plaintiff stopped taking her medications, leading to "occasional emotional outbursts or need for attention." (Compl. ¶14). At about this same time, Plaintiff developed "a harmless yet obsessive affection for another participant in the program who happened to be a Navy Seal." Id. Plaintiff attempted to contact the Navy Seal by sending numerous emails to the Navy and the triathlon coaches.

On January 31, 2012, Plaintiff was informed by the Director of Recreation that her behavior violated "the Athletes and Coaches Code of Conduct for the Masters Sports Program" and was suspended from the program. (Compl. ¶16). The letter provided to Plaintiff stated, among other things:

a. "You regularly blurted out comments during the workout that were inappropriate and loud.

b. You became angry at a fellow swimmer because you felt she spoke to you in a degrading manner.

c. During the course of the workout you would randomly complain about people in your life that were apparently bullying you.

d. You have, on a few occasions, had crying outbursts because of some of your own personal struggles.

e. You had been excessively attempting to contact a fellow runner in one of the workouts which allegedly included sending about 20 emails to the Navy trying to track him down. You sent the coaches several emails trying to get info about him. Your constant emails to the coaches were a form of harassment." (Compl. ¶17).

Plaintiff alleges that her conduct was "the result of a person with manic-depressive disorder as they were manifestations of the despair, irritability, insecurity, and obsessive compulsive behavior that are among the classic symptoms of bi-polar disorder." On February 6, 2012, Plaintiff was expelled from the sports program. (Compl. ¶20).

Regents moves to dismiss all claims except the Rehabilitation Act claim on grounds of Eleventh Amendment immunity. Plaintiff partially opposes the motion and concedes that she cannot establish the Sixth and Seventh claims for disability discrimination in violation of Cal. Civ. Code §3345 and violation of the Unfair Business Practices Act, Bus. & Prof. Code §17200.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the

mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**Sovereign Immunity**

The Eleventh Amendment provides:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

The Eleventh Amendment extends to suits by citizens against their own States. Board of Trustees of the Univ. of Alabama v Garrett, 531 U.S. 356, 363 (2001). The ultimate guarantee of the Eleventh Amendment is that non-consenting States or their agencies may not be sued by private individuals in federal court. Id. Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and "act[s] pursuant to a valid grant of constitutional authority." Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000).

Here, the parties do not dispute that Regents is a state entity ordinarily entitled to Eleventh Amendment immunity. The court discusses the ADA claim separately from the state law claims.

The ADA

Plaintiff's ADA claims arise under Title II. Title II prohibits disability discrimination in the provision of public services.[1] As explained in Tennessee v. Lane, 541 U.S. 509 (2004), whether Congress constitutionally abrogated Eleventh Amendment immunity in Title II cases depends on the fundamental constitutionally guaranteed right at issue. Id. 53-32. The issue in Lane was whether Congress had the power under §5 of the Fourteenth Amendment "to enforce the constitutional right of access to the courts." Id. The court held that Eleventh Amendment immunity is abrogated for cases "implicating the fundamental right of access to the courts." Id. at 533-34.[2]

The Ninth Circuit has not addressed the Eleventh Amendment issue in context of non-fundamental rights. The only post-Lane Ninth Circuit case, Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004), addressed the fundamental right of an incarcerated disabled individual for accommodation for his osteoarthritis and osteoporosis. As noted in Judge O'Scannlain's concurrence, after Lane, courts must review Eleventh Amendment issues on a case-by-case basis to determine whether fundamental constititional issues are at play. Phiffer did not address non-fundamental

---

[1] Title I of the ADA prohibits disability discrimination in employment. In Garret, 531 U.S. 356, the Supreme Court held that the Eleventh Amendment bars private suits seeking monetary damages in Title I cases. The Supreme Court held that despite the express waiver of state immunity provided by 42 U.S.C. §12202, Congress exceeded its authority in abrogating a state's Eleventh Amendment immunity. As a result, the Court held that suits in federal court by state employees to recover damages for a state's failure to comply with the ADA (Title I) are barred by the Eleventh Amendment.

[2] Plaintiff does not dispute that Regents is an arm of the state. "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) quoting Ford Motor Co. v. Department of Treasury of Ind., 323 U.S. 459, 464 (1945).

rights cases, and Judge O'Scannlain observed that it "is therefore open to question whether Title II validly abrogates state sovereign immunity where no such fundamental right is at issue." Id. at 793.

It appears that the Ninth Circuit has yet to address non-fundamental rights cases under Title II of the ADA. Other circuits, however, have concluded that Eleventh Amendment sovereign immunity is only abrogated in fundamental constitutional rights cases. Klingler v. Director, Dept. of Revenue, State of Mo., 455 F.3d 888, 893-94 (8th Cir. 2006) (discriminatory surcharges on the disabled do not implicate a fundamental constitutional right warranting the abrogation of Eleventh Amendment immunity for purposes of a damages claim); Guttman v. Khalsa, 669 F.3d 1101, 1122-23 (10th Cir. 2012) ("there is a trend of courts holding that, absent the need to vindicate a fundamental right or protect a suspect class, Congress may not abrogate state sovereign immunity"); Toeller v. Wisconsin Dep't of Corr., 461 F.3d 871, 876-880 (7th Cir. 2006) (the Eleventh Amendment bars suit for money damages in federal court because the self-leave provision of the Family Medical Leave Act does not implicate a fundamental right).

Plaintiff contends, by citing pre-Lane Ninth Circuit authorities, that the Eleventh Amendment does not bar her claims. See Wong v. Regents of the University of California, 192 F.3d 807, 816 (9th Cir. 1999); Zulke v. Regents of the University of California, 166 F.3d 1041, 1045-46 (9th Cir. 1999). The court concludes that these authorities are not persuasive because they fail to consider the case-by-case analysis required by Lane to determine whether a fundamental constitutional issue is at play.

Here, the court concludes that participation in recreational programs open to the public, like the Masters Sports Program (UCSD's Triathlon Program), does not implicate a fundamental constitutional right. The present case does not implicate such fundamental rights as access to the courts, medical care to incarcerated individuals, the right to vote, or other fundamental rights. Consequently, the court concludes that Regents is entitled to the immunities afforded by the Eleventh Amendment on

Plaintiff's ADA claim.

In sum, the court grants the motion to dismiss the ADA claim from this action with prejudice.

### The State Law Claims

The Eleventh Amendment bars suits in federal court by its own citizens against non-consenting states or their agencies. Edelman v. Jordan, 415 U.S. 378, 379 (1993). While Plaintiff argues that Regents is amenable to suit in state court, this argument misses the mark. The Eleventh Amendment bars Plaintiff from bringing her state law damage claims against Regents in federal court. See id.; Alaska Cargo Transport, Inc. v. Alaska R.R. Corp., 5 F.3d 378 (9th Cir. 1993) (Eleventh Amendment not abrogated by the Unruh Act). While Plaintiff seeks injunctive relief under the seventh cause of action for alleged violation Bus. & Prof. Code §17200, the court notes that federal courts are barred by the Eleventh Amendment from enjoining state officers from violating state law.[3] See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 121 (1984). Accordingly, the court dismisses all pendant state law claims from this action.

In sum, the court grants Regents' motion to dismiss in its entirety. This action will proceed only on the Rehabilitation Act claim.

**IT IS SO ORDERED.**

DATED: August 13, 2013

                                            Hon. Jeffrey T. Miller
                                            United States District Judge

cc:          All parties

---

[3] Plaintiff also concedes that she may not maintain a §17200 claim against Regents. (Oppo. at p.2:10-13).